IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Amanda Hawkins, et al.,          :

    Plaintiffs,              :

  v.                              :       Case No. 2:05-cv-688

Anheuser-Busch, Inc.             :       JUDGE FROST

    Defendant.               :

OPINION AND ORDER

    This employment discrimination case is currently before the Court to consider a motion for a protective order filed by defendant Anheuser-Busch. The subject of the motion is a privileged document which was inadvertently disclosed to counsel for the plaintiffs. The parties have exhausted extrajudicial efforts to resolve the issue and have now asked the Court to determine whether the document may be retained by and used by the plaintiffs during this litigation. For the following reasons, the Court concludes that it may not, and therefore grants the motion for a protective order.

I.

    The facts pertaining to this matter appear to be undisputed. In early 2006, the parties exchanged correspondence concerning the signing of medical releases by the plaintiffs. At one point, counsel for Anheuser-Busch sent a number of blank medical releases to be signed. Although he had not instructed his administrative assistant to do so, that assistant apparently inadvertently attached a privileged document to the correspondence. The error was discovered several months later when plaintiff's counsel reviewed the correspondence shortly

1

prior to a telephone conference with the Court concerning the issue of medical releases.

The document itself has not been submitted for *in camera* review. However, the parties appear to agree that it is entitled to work product protection. Other than the fact that the document was inadvertently attached to unrelated correspondence by an administrative person, Anheuser-Busch has submitted no additional information on the care which it exercised in order to prevent the document from being produced. It is with this set of facts in mind that the instant motion will be decided.

II.

The parties disagree about the legal standard to be used both with respect to the inadvertent production of privileged documents and with respect to whether a different standard should be used depending on whether the document is subject to the attorney-client or the work product privilege. For the following reasons, the Court concludes that the arguments advanced by Anheuser-Busch on each of these two issues are the more persuasive.

Given the number of documents which are produced in litigation, it is not unusual that a document subject to one type of privilege or another is occasionally inadvertently produced for inspection and copying. Of course, the party to whom the production is made typically argues that the production has waived any privilege which previously attached to the document. Conversely, the producer of the document asserts that such privileges cannot be waived through inadvertence. Courts have agreed with both positions, so that some decisions conclude that the production of the document, even if done inadvertently, constitutes an absolute waiver of the privilege, while other courts conclude that privileges can never be waived inadvertently. However, a majority of courts which have

considered the issue have carved out a middle ground between these two extreme positions, and have concluded that the inadvertent production of a privileged document may or may not constitute a waiver, depending upon the circumstances under which it is produced and other circumstances present in the case.

The leading decision on this issue is <u>Lois Sportswear, USA v. Levi Strauss & Co.</u>, 104 F.R.D. 103 (S.D.N.Y. 1985). In that case, documents covered by both the work product and attorney client privileges were inadvertently produced during the course of a document production involving many thousands of pages of documents. The Court concluded that, in order to decide whether the production waived the attorney-client or work product privileges, it should inquire, first, into the reasonableness of measures taken by the producing party to prevent privileged documents from being produced. The Court should also look at the effort taken by the party after the disclosure was discovered to correct the error, to the scope of the disclosure made, to the extent of other discovery taken in the case, and to balance fundamental concepts of fairness and upholding claims of privilege against the degree to which the party disclosing the document had been negligent. Only after balancing these factors would the Court be in a position to determine whether the particular inadvertent disclosure was a waiver of the privilege. Subsequent decisions relying on <u>Lois Sportswear</u> have reviewed the history of case law adopting each of the three possible positions and explained the reasons why the <u>Lois Sportswear</u> approach appears to be the most appropriate. <u>See</u> <u>e.g.</u> <u>Amgen v. Hoechst Marion Roussel</u>, 190 F.R.D. 287, 290-292 (D. Mass. 2000); <u>see</u> <u>also</u> <u>United States v. Rigas</u>, 281 F.Supp.2d 733, 737-38 (S.D.N.Y. 2003).

Plaintiffs have argued that the strict approach, holding that even inadvertent production of privileged documents

constitutes a waiver, should be followed by the Court. <u>See</u>, e.g., <u>Carter v. Gibbs</u>, 909 F.2d 1450 (Fed. Cir. 1990) (but see <u>In re Grand Jury (Impounded)</u>, 138 F.3d 978 (3d Cir. 1998)). Plaintiffs also argue that different standards should be applied to the inadvertent production of a document protected by work product because that protection can be waived more easily than the attorney-client privilege, and they assert that the Sixth Circuit has, at least implicitly, approved the line of cases holding that an inadvertent production is always a waiver. A careful review of decisions from the Court of Appeals for the Sixth Circuit, both published and unpublished, reveals that the Court of Appeals has not taken a position on this issue. Further, essentially for the reasons set forth in the <u>Amgen</u> decision, this Court finds the adoption of middle ground most appropriate.

There are sound reasons for treating the inadvertent disclosure of a privileged document differently from an intentional disclosure, not the least of which is that, by intentionally disclosing the subject of privileged communications, a party may attempt to use a partial disclosure as a sword in the litigation while continuing to assert the privilege as a shield, a double standard which should not be countenanced. Moreover, given the number of documents which are typically produced in litigation, even the most diligent of parties will occasionally produce a privileged document inadvertently, and it ignores the realities of a discovery process to conclude that such a production is always a waiver of the attorney-client privilege even when the party made reasonable efforts to protect the privilege. Consequently, this Court adopts the "middle ground" approach represented by <u>Lois Sportswear</u>. The Court also notes that <u>Lois Sportswear</u> itself involved documents protected by the work product privilege, and

the Court sees no reason to apply a different test to documents inadvertently produced depending upon the nature of the privilege asserted.  An inadvertent disclosure is either a waiver or it is not, and the answer to that question does not depend upon whether the document is protected by the attorney-client privilege, some other privilege recognized by law, or a doctrine like the work product doctrine which fosters many of the same goals as the attorney-client privilege.

Here, the inadvertent disclosure of the document in question did not occur during the course of a document production, so the typical inquiry into the reasonableness of the measures taken by the producing party to prevent disclosure of privileged documents cannot be undertaken.  However, Anheuser-Busch has claimed, without contradiction, that the privileged document was attached to other unrelated documents purely as a result of a clerical error which could not have been foreseen by the attorney who sent the correspondence.  The Court accepts that representation and concludes that, under these facts, reasonable precautions were taken to avoid the disclosure of privileged documents.

It is also undisputed that, immediately after the disclosure was discovered, Anheuser-Busch made every effort to retrieve the document.  It promptly communicated with plaintiff's counsel, requested return of the document, made a good faith effort to resolve the matter extrajudicially, and promptly moved for a protective order when such resolution was not possible.  The scope of the disclosure appears to be narrow, involving only a single document, and the Court concludes that in fairness the document ought to be returned, and the information in it not used in this litigation.  Consequently, the Court will grant the motion for a protective order and direct the return of the document.

5

III.

Based upon the foregoing, Anheuser-Busch's motion for a protective order (#20) is granted. The document inadvertently produced by Anheuser-Busch which is the subject of the motion shall be immediately returned to counsel for Anheuser-Busch, together with any copies which may have been made, and the information contained in that document shall not be used in the prosecution of this litigation or otherwise.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge